# IN THE COURT OF APPEALS OF IOWA

No. 14-1362
Filed May 20, 2015


CONCERNED CITIZENS OF SOUTHEAST
POLK SCHOOL DISTRICT,
    Plaintiff-Appellant,

and

SOUTHEAST POLK COMMUNITY
SCHOOL DISTRICT BOARD OF EDUCATION,
    Intervenor-Appellant,

vs.

CITY OF PLEASANT HILL, IOWA, and CITY
COUNCIL of the CITY OF PLEASANT HILL, IOWA,
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Eliza Ovrom, Judge.


The plaintiff and intervenor appeal from adverse rulings by the district

court. **AFFIRMED.**


Gary D. Dickey Jr. of Dickey & Campbell Law Firm, P.L.C., Des Moines,

for appellant Concerned Citizens.

Thomas D. Hanson and John E. Lande of Dickinson, Mackaman, Tyler

& Hagen, P.C., Des Moines, for appellant Board of Education.

R. Bradley Skinner of Skinner Law Office, P.C., Altoona, for appellees.


Heard by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

This appeal concerns the resolution of the City of Pleasant Hill[1] approving a 2013 Urban Renewal Plan Amendment for the Pleasant Hill Urban Renewal Area. The amendment extends the existence of the original Copper Creek Urban Renewal Area, adds approximately 238 acres of newly-annexed land located near Southeast Polk High School, and includes various street construction projects. Possible plans for the newly-annexed area include development of a large warehouse/distribution center. Plaintiff Concerned Citizens of Southeast Polk School District filed a petition for declaratory and injunctive relief, raising concerns about the potential increase in truck traffic near the school, and the potential danger this could pose to students. Intervenor Southeast Polk Community School District raised concerns about losing possible future increases in property tax revenues if the City used tax increment financing (TIF) revenues in the newly-annexed area. Relying on Iowa Code chapter 403 (2013), the Concerned Citizens and School District (collectively, the plaintiffs) claimed the 2013 resolution illegally extended the life of the original urban renewal area the City created in 1994, and was inconsistent with the City's comprehensive development plan. The district court granted the City's motion for summary judgment in part and dismissed the plaintiffs' remaining claims following a bench trial. The plaintiffs now appeal from the court's adverse rulings.[2] We affirm.

---

[1] For purposes of this appeal, we refer to the City of Pleasant Hill and the City Council of the City of Pleasant Hill collectively as the City.

[2] We observe that witness names were not placed at the top of each page where transcript testimony appears in the parties' appendix. *See* Iowa R. App. P. 6.905(7)(c) ("The name of each witness whose testimony is included in the appendix *shall* be inserted on the top of *each* appendix page where the witness's testimony appears." (emphasis added)). By this note, we do not single out these parties or their attorneys,

## I.   Background Facts and Proceedings

On June 28, 1994, the City adopted resolutions establishing Urban Renewal Area No. 1 ("Copper Creek URA") and an urban renewal plan for the Copper Creek URA.  The urban renewal plan states, "This Plan shall remain in effect for a period of twenty years after the date of its adoption by the City Council, and for any additional period after that date[] during which obligation payable from incremental taxes are outstanding."  The urban renewal plan also states:

> This Urban Renewal Plan may be amended to include such things as a change in the project boundaries, to modify renewal objectives or activities, to add or change regulations for development of property, or for any other purposes consistent with Chapter 403 of the Code of Iowa, following a public hearing on the proposed change, in accordance with Chapter 403 of the Code of Iowa.

Also on June 28, 1994, the City adopted Ordinance No. 439, a TIF ordinance for the Copper Creek URA, described as: "An Ordinance providing for the division of taxes levied on taxable property in the Urban Renewal Area No. 1, pursuant to Section 403.19 of the Code of Iowa."  As adopted, the tax revenues generated from the Copper Creek TIF district could only be used on projects within the Copper Creek URA.

The City subsequently adopted resolutions in December 1995, establishing an Industrial Urban Renewal Area along with a separate urban

---

for we have made similar observations in countless appeals.  Our comment is directed to the appellate bar.  While the noted infraction may seem trivial, the violated rule is not just some rigmarole designed to create more work for the appellate lawyer.  Having the name at the top of each page makes it much easier for us to navigate an appendix. Compliance with the rule saves time, reduces frustration, and assists this court in meeting its mandate to achieve maximum productivity in deciding a high volume of cases.  *See* Iowa Ct. R. 21.11.

renewal plan for that area, and in January 2000, establishing an East Urban Renewal Area along with a separate urban renewal plan for that area.

In May 2006, the City adopted Resolution No. 052306-01 ("2006 amendment"), which consolidated the Industrial URA and the East URA into the Copper Creek URA and a single urban renewal plan.

In June 2013, the City adopted Resolution No. 062513-01 ("2013 amendment"), which extended the life of the Copper Creek URA as part of a plan to use TIF revenues for future urban renewal projects. The 2013 amendment added a freshly annexed 238-acre tract of land to the urban renewal plan. The 238-acre tract of land had not previously been included in any other URA and included the land north of the entrance to Southeast Polk High School at Northeast University Avenue and Northeast 75th Street.

The 2013 amendment listed "new urban renewal projects" for the tract, including: "Construction of an extension of NE 75th Street north and construction of a new street running east to west from 70th to 80th Street, across the property that is being annexed along with related utility improvements." The 2013 amendment authorized "the use of incremental tax revenues to construct certain street improvements . . . and the possible use of future incremental property tax revenues in the form of a rebate agreement to a private developer."[3] The 2013

---

[3] The location of the proposed street improvements and warehouse is beyond the original boundaries of the Copper Creek URA. The City determined the 2013 amendment was consistent with the general plan for Pleasant Hill. The City designated the newly-annexed land as an economic development area, and provided that the development of the property was necessary in the interest of the public welfare of the residents of Pleasant Hill. The parties do not dispute the land was established as an "economic development area" and that no part contained "slum or blighted conditions." *See* Iowa Code § 403.17(10) (2013).

amendment also extended the life of the Copper Creek URA for an additional twenty years.

The plaintiffs filed a petition for writ of certiorari and declaratory judgment to annul the City's approval of the 2013 amendment. Among other claims, the plaintiffs alleged the City illegally extended the use of TIF revenues arising from the Copper Creek URA for an additional twenty years. The plaintiffs further alleged the proposed warehouse project did not conform with the City's comprehensive development plan, which had been passed by the City in 2005.

The City filed a motion for summary judgment on the plaintiffs' claims. In June 2014, following a hearing, the district court entered a ruling granting summary judgment in the City's favor on the issue of the twenty-year extension of the Copper Creek URA, finding Iowa Code section 403.17's twenty-year limitation applied only to urban renewal plans approved after January 1, 1995, and therefore did not apply to the Copper Creek URA, which was established in 1994. On the issue of whether the 2013 amendment conformed with the City's 2005 comprehensive development plan, the court denied summary judgment finding genuine issues of material fact existed which precluded summary judgment.

A two-day bench trial took place on the remaining issue. In August 2014, the district court entered judgment in favor of the City and dismissed the plaintiffs' petitions. The court determined the proposed warehouse project would not be in compliance with the 2005 comprehensive development plan, but that it could "only look at the specific matters set forth in the 2013 amendment to the urban renewal plan"—which were "consistent" with the 2005 comprehensive

development plan.[4]  In reaching this conclusion, the court relied on the Iowa Supreme Court's ruling in *McMurray v. City Council of City of West Des Moines*, 642 N.W.2d 273, 276-77 (Iowa 2002) (observing the court could not determine whether the potential development of Jordan Creek Mall was consistent with West Des Moines's general plan because the mall was not mentioned in its urban renewal plan; rather the plan "merely provided for the development and improvement of public infrastructures").  The plaintiffs now appeal.

## II.     *Standard of Review*

Our review of a declaratory judgment action depends upon how the action was tried to the district court.  *See Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 178 (Iowa 2010).  Considering the pleadings, relief sought, evidentiary rulings, and nature of this case, this action was tried as a legal action.  *See id.*  We therefore review for correction of errors of law.  *See Fults v. City of Coralville*, 666 N.W.2d 548, 552 (Iowa 2003).

## III.    *Discussion*

Iowa Code chapter 403 sets forth Iowa's urban renewal law.  *See* Iowa Code § 403.1.  Although one purpose of the urban renewal law is the prevention and elimination of slums and blighted areas within the state, it is also designed to provide the means and methods to encourage general economic development in a community.  *See id.* § 403.2(3), (4).  To advance these purposes, chapter 403 grants authority to a municipality to assist and retain industries and commercial

---

[4] After its 2013 amendment to the Copper Creek URA, the City amended its comprehensive development plan to change the designation of the newly-annexed area from Highway Commercial to Commercial Park—which includes light industrial uses such as a warehouse/distribution facility.

enterprises to strengthen and revitalize the economy and prevent unemployment. *See id.* §§ 403.2(3), .4(2); *see also McMurray*, 642 N.W.2d at 278.

The decisions made by a city council under chapter 403 are legislative in nature. *See McMurray*, 642 N.W.2d at 277 ("Such decisions by the city council involving legislative facts necessarily involve the exercise of considerable discretion."). "Legislative declarations, such as the one before us, are entitled to great weight." *See id.* In other words, a reviewing court has no power to interfere with a city council's "legislatively given discretion to carry out the purposes of the urban renewal law," and we are to presume a city council, "as a governing body of elected officials, acted in the overall best interests of the public." *Id.* With this backdrop, we turn to the issues presented on appeal.[5]

*A.*     *Twenty-Year Extension*

The plaintiffs contend the 2013 amendment illegally extends the life of the Copper Creek URA for an additional twenty years. The plaintiffs point to Iowa Code section 403.17(10) and claim its "plain text . . . forecloses any other conclusion."

Under chapter 403, the City had authority to designate and develop an economic development area in an urban renewal area. *See* Iowa Code § 403.17(25). The City is vested with "*all the powers* necessary or convenient to carry out and effectuate the purposes and provisions of [chapter 403]." *Id.* § 403.6 (emphasis added). An economic development area is defined to include

---

[5] On appeal, the plaintiffs do not allege the City failed to comply with the procedural requirements mandated in chapter 403.

"an area of a municipality designated by the local governing body as appropriate for commercial and industrial enterprises." *Id.* § 403.17(10).

With regard to the plaintiffs' claim, section 403.17(10) provides in relevant part:

> If an urban renewal plan for an urban renewal area is based upon a finding that the area is an *economic development area* and that no part contains slum or blighted conditions, *then the division of revenue provided in section 403.19 and stated in the plan shall be limited to twenty years* from the calendar year following the calendar year in which the municipality first certifies to the county auditor the amount of any loans, advances, indebtedness, or bonds which qualify for payment from the division of revenue provided in section 403.19.

(Emphasis added.) The plaintiffs contend this provision prohibits the City from extending the Copper Creek URA—and the TIF revenues derived from it[6]—for an additional twenty years.

As the district court correctly observed, "This provision was added to the Code in 1994." Prior to the 1994 legislation, there was no restriction on the life of an economic development urban renewal plan. *See* Iowa Code § 403.17(8) (1993). The first endnote to section 403.17 specifies the "1994 amendments to subsection[] . . . 10 . . . *apply to plans approved on or after January 1, 1995 . . . .*" (Emphasis added.).

---

[6] With regard to TIF revenues for the newly-annexed land, the City's agenda for its June 2013 public hearing stated:

> The Copper Creek URA is the only area that was established prior to a change in the State law limiting URAs to 20 years, and therefore is the only area the city can extend the life of, for 20 years. This area generates the greatest amount of TIF revenue of all the URA areas. The other amendments will allow the City to make public improvements in areas that need work either due to age or for development. The action at this meeting is to hold the public hearing related to the amendment and then consider the resolution approving the amendment.

Based on the plain language of section 403.17, we agree with the district court's conclusion that urban renewal plans adopted prior to January 1, 1995, are not subject to the twenty-year time limit set forth in section 403.17(10). In this case, the urban renewal plan for the Copper Creek URA was adopted on June 28, 1994. Accordingly, we find no error in the district court's conclusion that the City was not prohibited by section 403.17(10) from extending the life of the Copper Creek urban renewal plan and the Copper Creek URA to which it applies. And because section 403.17 and its applicability language are unambiguous, we decline the plaintiffs' request to engage in statutory interpretation or consideration of other matters to reach a different conclusion. *See Miller v. Marshall Cnty.*, 641 N.W.2d 742, 748 (Iowa 2002) ("When a statute is unambiguous, we need not look beyond the plain meaning of the express statutory terms."); Iowa Code § 4.6 (listing matters to consider if a statute is ambiguous).

Insofar as the plaintiffs claim the 2006 amendment to the Copper Creek urban renewal plan (consolidating the City's two newer URAs into the Copper Creek URA) created a new plan subject to the twenty-year time limit of section 403.17(10), we find this claim unpersuasive. "[A]n urban renewal plan may be modified at any time." Iowa Code § 403.5(5)(a). The 2006 amendment stated in part:

> [T]he adoption of this Amendment will not affect the validity or hinder the implementation of any urban renewal projects that have been undertaken in any of the Urban Renewal Areas. Further, the adoption of this Amendment will have no effect on any of the tax increment ordinances or amendments that have been adopted for any of the Urban Renewal Areas and will have no effect on any of

the beginning or "base" property valuations that have been established for any of the Urban Renewal Areas.

"Upon the approval by a municipality of an urban renewal plan or of any modification thereof, such plan or modification shall be deemed to be in full force and effect for the respective urban renewal area, and the municipality may then cause such plan or modification to be carried out in accordance with its terms." *Id.* § 403.5(6); *see also Fults*, 666 N.W.2d at 553 ("It is common for a municipality to amend urban renewal areas to respond to changing needs and circumstances. Once a city adopts an urban renewal plan, it may modify the original plan through additional resolutions.").

Here, the district court determined the 2006 amendment incorporated the three URAs, but did not abrogate the original Copper Creek urban renewal plan. As the court stated, "Nothing in the 2006 resolution and amendments abrogates the original 1994 ordinance creating the Copper Creek urban renewal plan; rather they incorporate the original plans for each of the three areas." Finding no error in the district court's application of the law, we affirm on this issue.

B.    *Comprehensive Development Plan*

The plaintiffs claim the 2013 amendment is inconsistent with the City's 2005 comprehensive development plan. An "urban renewal plan" is "a plan for the development, redevelopment, improvement, or rehabilitation of a designated urban renewal area, as it exists from time to time." Iowa Code § 403.17(24). Among other requirements, an urban renewal plan must "[c]onform to the general plan for the municipality as a whole." *Id.* § 403.17(24)(a). The term "general plan" has been interpreted to mean that it must conform with the City's

comprehensive development plan. *See Knudson v. City of Decorah*, 622 N.W.2d 42, 55 (Iowa 2000).

The plaintiffs challenge the following proposed "new urban renewal projects" listed in the 2013 amendment as not conforming to the City's general plan:

> 2. Construction of an extension of NE 75th Street north and construction of a new street running east to west from 70th to 80th Street, across the property that is being annexed along with related utility improvements.
> . . . .
> 5. Incremental property tax rebate payments to a developer are authorized with respond to the development of property that is being annexed to the City.

Specifically, the plaintiffs contend the 2013 amendment violates the City's plan because it allows for possible development of a warehouse project and the extension of Northeast 75th Street.

We turn first to the plaintiffs' challenge to the possible future development of the warehouse project on the newly-annexed tract of land. On this issue, the district court relied on the Iowa Supreme Court's ruling in *McMurray*, 642 N.W.2d at 276-77, in which the court directed that reviewing courts are to look only at the expressly-provided components of the urban renal plan amendment in determining whether they complied with the City's general plan. The *McMurray* court observed a proposed private commercial development (what is now Jordan Creek Mall) was not specifically included in the City of West Des Moines's urban

renewal plan amendment,[7] and therefore it would not consider whether the proposed development fit into the City's general plan:

> Opponents quite correctly point out the Plan does not state what type of private commercial development, if any, will arise out of the City's infrastructure improvements. However, the Plan also does not condition the infrastructure improvements on the completion of the GGP shopping mall or any other private commercial development. There is undisputed evidence in the record the infrastructure improvements provided for in the Plan have been a part of the City's capital improvement plan for years, even as far back as 1991. As the record shows, the GGP proposal merely served to accelerate what the City had already anticipated and planned for in terms of infrastructure development. Moreover, on appeal we, like the district court before us, are not reviewing the Agreement, including the proposed shopping mall, between the City and GGP. In fact, the proposed site plan for the development of the shopping mall has not yet been presented to the City Council for approval. At that time, the shopping mall will be compared to the comprehensive plan. Because the urban renewal project at issue does not include the proposed shopping mall, we do not address whether the Project conforms to the comprehensive plan.

*McMurray*, 642 N.W.2d at 282.

We, like the district court, find the court's decision in *McMurray* controlling on this issue. As the district court stated, "The court can only look at the specific matters set forth in the 2013 amendment to the urban renewal plan." The 2013 amendment does not include the development of a warehouse project; therefore, we cannot address whether development of a proposed warehouse project conforms to the City's general plan. We find no error in the district court's conclusion and we affirm on this issue.

We turn next the plaintiffs' challenge to the extension of Northeast 75th Street. Highway 163 is a four-lane highway that runs east from the City of Des

---

[7] Rather, the City's urban renewal plan amendment "merely provided for the development and improvement of public infrastructures." *McMurray*, 642 N.W.2d at 276-77.

Moines and passes through Pleasant Hill.  Southeast Polk High School is located south of Highway 163/East University Avenue and east of Northeast 75th Street.  As noted, the 2013 amendment adds the annexed area just north of Southeast Polk School and includes a plan to extend Northeast 75th Street.  Currently, Northeast 75th Street does not run the north of Highway 163.  The intersection of Northeast 75th Street and Highway 163 was built with turn lanes, and there are traffic signals at the intersection that are currently under wrap for future use.  City officials indicated this street could eventually connect to 75th Street in the city of Altoona to the north.

The City's general plan sets forth the broad goal for Pleasant Hill transportation as follows:

> The City of Pleasant Hill should provide a balanced transportation system that enhances access, alternative modes and circulation for vehicular, pedestrian and bicycle traffic throughout the community. Development in Pleasant Hill shall be guided to utilize existing public investment in roads, safe routes to schools, parks, public facilities and intra- and inter-community programs to reduce unnecessary streets and maintenance.  The Transportation Goal of Pleasant Hill is to develop and support an efficient street system that serves current and future needs regarding circulation and access.

More specifically, the City's general plan states:

> Over the next twenty years, Pleasant Hill will be faced with the eventual improvement of certain roadways from rural sections to urban section roadways.  Included in the improvement will be the need to widen these roadways to handle the traffic flows that will be generated by new development.  Future widening projects will include the upgrading of existing routes from two lanes to three-, four- and even five-lane thoroughfares.  The following is a list of existing roadways that would likely need to widened and upgraded in the next 20 years:
>       . . . .
>       NE 70th Street/Clay Drive from Highway 163 north to NE 27th Avenue

The general plan also states, "Pleasant Hill, along with the Iowa Department of Transportation, will need to monitor growth east of Pleasant Hill," and, "Highway 163 has the potential to require up to a six-lane system if large amounts of growth truly occur east of Pleasant Hill in the next 20 years."

Upon its review of the City's general plan, the district court concluded:

The transportation section of the Comprehensive Plan is set forth at pages 75-83. It recognizes the importance of the Highway 163/University Avenue corridor. (This is where the 75th Street project is located.) The Comprehensive Plan contains a section on future street widening. It states that over the next twenty years, certain roadways will be improved from rural to urban roadways. It states that such roadways will need to be widened to handle traffic flows generated by new development. It contains a list of "existing roadways that would likely need to be widened and upgraded in the next 20 years." This specifically lists NE 70th Street north of Highway 163. It does not list NE 75th Street.
    In addition, the Comprehensive Plan states that the City, along with the DOT, will need to monitor growth east of Pleasant Hill, and states that Highway 163 has the potential to require up to a six-lane system if large amounts of growth occur east of Pleasant Hill.
    The court concludes that extension of 75th Street north of Highway 163 and construction of the east-west road between 70th and 80th Streets is consistent with the 2005 Comprehensive Plan. Although that plan does not specifically mention the 75th Street extension or the east-west road, it does recognize that the Highway 163 corridor is likely to be developed in the future. The Comprehensive Plan does not seek to identify each street that might be constructed within the City of Pleasant Hill. Nothing in the Comprehensive Plan would be contrary to construction of the 75th Street extension north of Highway 163, or the east/west street between 70th and 80th Streets. The court also notes that the intersection of 75th Street and Highway 163 was constructed with turn lanes and a traffic signal. It is not surprising that the City would plan for the street to be constructed north of this intersection.

The plaintiffs "have the heavy burden of showing the city's designation of this urban renewal area was arbitrary, unreasonable, or capricious." *Fults*, 666 N.W.2d at 552. "City councils are clearly vested with broad authority to carry out

the goals of the urban renewal law" and "we presume the City Council, as a governing body of elected officials, acted in the overall best interests of the public." *McMurray*, 642 N.W.2d at 277, 278.

Upon our review, we find no error in the district court's conclusion that "[t]he 2013 amendment to the City's urban renewal plan is consistent with the 2005 Comprehensive Development Plan." We affirm on this issue.

## IV. *Conclusion*

We affirm the district court's rulings dismissing the Concerned Citizens of Southeast Polk School District and Southeast Polk Community School District's petitions for declaratory and injunctive relief regarding the 2013 amendment of the City of Pleasant Hill and the City Council of the City of Pleasant Hill to an urban renewal area near the Southeast Polk High School. The 2013 amendment did not illegally extend the life of the 1994 urban renewal plan, and it is consistent with the City's 2005 comprehensive development plan.

**AFFIRMED.**